UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES A. FLOYD,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ADA COUNTY; STEPHEN BARTLETT; DENNIS JENSEN; SAMUEL BARNES; ARMANDO IXTA; BARBRA LUTZ; and JANE OR JOHN DOES 1-6,<br><br>　　　　　　Defendants. | Case No. 1:20-cv-00347-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

　　　　Plaintiff James A. Floyd is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The events giving rise to Plaintiff's claims occurred when Plaintiff was a pretrial detainee being held at the Ada County Jail.

　　　　The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 8. Plaintiff has now filed a Second Amended Complaint that complies with General Order 342. Dkt. 25; *see also* Dkts. 19, 23.

　　　　The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having reviewed the Second Amended Complaint, the Court concludes that

Plaintiff has failed to remedy the deficiencies in the initial Complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

1.  **Screening Requirement**

As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

2.  **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

3.  **Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the

Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

The Second Amended Complaint asserts similar claims as the initial Complaint: (1) that an unidentified deputy opened Plaintiff's legal mail outside of his presence; (2) that Defendants violated Plaintiff's right of access to the courts by interfering with his ability to litigate a claim in state court; and (3) that certain Defendants retaliated against Plaintiff's exercise of protected conduct by denying him extra time in the library. *Sec. Am. Compl.* at 3, 4, 8. Although the Second Amended Complaint includes some additional facts, it still fails to state a claim upon which relief may be granted.

### A.     *Interference with Mail Claims*

The Second Amended Complaint still does not state a plausible First Amendment claim based on the improper opening of Plaintiff's legal mail. Plaintiff has included no additional facts that would permit a reasonable inference that the deputy who opened that mail acted more than negligently. *See Daniels*, 474 U.S. at 332; *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1218 (9th Cir. 2017) (Bybee, J., concurring) ("An allegation that prison officials opened a prisoner's legal mail, without an allegation that the mail was deliberately and not negligently opened, is not sufficient to state a cause of action under

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 3

§ 1983."). Nor does it plausibly allege that the deputy opened Plaintiff's mail pursuant to a policy or custom of Ada County. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Finally, because the Second Amended Complaint does not state a plausible constitutional claim on the part of the deputy, it necessarily does not state a plausible constitutional claim against the supervisor Defendants. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (holding that supervisory defendants can be held liable only if there is a sufficient causal connection between action taken by the subordinate and the supervisor's own wrongful conduct).

### B. *Access to Courts Claims*

Each inmate in the Ada County Jail gets at least one hour of time in the law library per week. This time is scheduled during an inmate's "out" time, meaning that sometimes the scheduled library hour might fall at the same time as outdoor recreation. An inmate whose library time happens to conflict with one of the five weekly outdoor recreation times must choose between going to the library or to recreation. Plaintiff believes that he should not have to choose between recreation and library time.

The jail also has a policy regarding allocation of extra library time—time in addition to the hour that each inmate gets—to inmates as well. The jail provides such extra library time to pro se criminal defendants before other inmates. Once those inmates are allotted extra time, if there is any surplus library time each week, then the jail permits civil litigants to use that extra library time. Plaintiff has been denied requests for extra library time based on this policy.

Plaintiff claims that both the library-or-recreation policy and the criminal-defendants-first policy violate his First and Fourteenth Amendment right to access the courts.[1] Plaintiff's claims are implausible for two main reasons. First, Plaintiff has not plausibly alleged an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that a plaintiff can show actual injury if the alleged denial of access "hindered [plaintiff's] efforts to pursue a legal claim," such as having a complaint dismissed "for failure to satisfy some technical requirement," or if the plaintiff "suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by [the alleged denial of access] that he was unable even to file a complaint").

The court case that Plaintiff alleges was hindered by the denial of extra library time was, in fact, filed and pursued. It was not dismissed for some technical failure that additional library time would have remedied. Indeed, Plaintiff took his case all the way to the Idaho Supreme Court, which addressed Plaintiff's claim on the merits.[2] *See Lewis*, 518 U.S. at 354 (stating that an inmate has "a right to bring to court a grievance that the inmate wishe[s] to present" but does not have a right to legal assistance allowing him

---

[1] Plaintiff also asserts that the policies violate the Eighth Amendment. *Sec. Am. Compl.* at 4. However, the allegations do not implicate that amendment, which protects convicted inmates against cruel and unusual punishment arising from conditions of confinement.

[2] The Idaho Supreme Court issued a published opinion in January 2019, holding that Plaintiff was not denied due process with respect to a tax deed hearing because (1) he had actual notice of the pending tax deed, and (2) he did not have a right to physically attend the hearing because "the Board here gave Floyd various meaningful opportunities to be heard even if it did not provide transportation to the hearing itself." *Floyd v. Bd. of Ada County Comm'rs*, 434 P.3d 1265, 1268, 1272 (Idaho), *reh'g denied* (Mar. 7, 2019).

"to *litigate effectively* once in court"). Thus, Plaintiff did not suffer an injury to his right of access.

Second, as the Court already explained, jail and prison officials may constitutionally impose reasonable regulations "regarding the time, place, and manner in which library facilities are used." *Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 858 (9th Cir. 1985). A policy that permits law library time to be scheduled during an inmate's "out" time—rather than scheduling an additional hour to avoid any potential conflict with other activities an inmate might choose to do during their out time—is reasonably related to the legitimate governmental interest of ensuring "that all inmates can access the law library in a secure and orderly manner." *Lerajjarean-Ra-O-Kel-Ly v. Johnson*, 2010 WL 11531282, at *3 (D. Idaho Sept. 13, 2010); *see also Turner v. Safley*, 482 U.S. 78, 89 (1987). And the policy permitting pro se criminal defendants to use surplus library time before civil litigant inmates is reasonably related to the important interest in ensuring that pro se criminal defendants can fully exercise their Sixth Amendment right to self-representation. *See Faretta v. California*, 422 U.S. 806, 821 (1975).

For these reasons, the Second Amended Complaint does not state a plausible access to courts claim.

### C. Retaliation Claims

Plaintiff alleges that his requests for extra library time were also denied out of a retaliatory motive: because Plaintiff had been helping other inmates with their legal work. Plaintiff was informed, when he requested extra time, that other inmates needed the

library more than Plaintiff because Plaintiff was not using even his guaranteed weekly library time for working on his own cases.

The Court concludes that denying extra library time to inmates who are not using their law library time to work on their legal work is reasonably related to the legitimate governmental interest of making sure that *all* inmates can access the law library in an equitable way. As the Court previously reasoned,

> An inmate who is not using library time on his own legal work is taking away the chance for another inmate, who might very much need to use the law library, to do so. Thus, requiring inmates to use their time in the library on their own legal work promotes fair treatment of all inmates, and the jail's alleged custom of prohibiting inmates from helping others with their legal work [during their law library time] is reasonably related to the legitimate goal of ensuring fair access to the library for all inmates.

*Initial Review Order* at 16–17. Plaintiff still receives his guaranteed weekly library time, which he may use on his legal work—the very purpose for law library time in the first place.

Because Defendants' actions with respect to Plaintiff's requests for extra library time were reasonably related to a legitimate governmental interest, the Second Amended Complaint does not state a plausible retaliation claim. *See Turner*, 482 U.S. at 89.

**4.     Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given opportunities to amend and still has

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 7

failed to state a plausible claim for relief, the Court will dismiss the Second Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Second Amended Complaint (Dkt. 24) is GRANTED.

2. Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 8), this case is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: July 9, 2021

_____
B. Lynn Winmill
U.S. District Court Judge